PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM A. SIMMONS (CABN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7264
    Abraham.Simmons@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DENILSON MENDOZA-LICONA a/k/a STEVEN RODRIGUES,<br><br>    Defendant. | CASE NO. 3:24-CR-00505-TLT<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Court:         Hon. Trina L. Thompson<br>Hearing Date:  April 18, 2025<br>Hearing Time:  9:30 A.M. |

## I.    INTRODUCTION

The defendant Denilson Mendoza-Licona is a 22-year-old, Honduran-born, street-level Tenderloin drug dealer whose criminal history establishes a disturbing trend toward inflicting increasing amounts of damage on the community. After drug-related arrests at ages 14, 15, and 16, the defendant was charged with assault with a deadly weapon at age 17. In the roughly five years between his assault charge and the arrest in this case, Mendoza-Licona has not established any appreciable legitimate employment history. Instead, in May of 2024, after law enforcement observed him engaging in hand-to-hand drug transactions in the Tenderloin, he was found attempting to distribute 219.6 gross grams of fentanyl as well as 106.5 gross grams of methamphetamine, 30.2 gross grams of cocaine base, and 27.1 gross grams of M-30 pills. This amount of drugs is enough to kill many people.

The United States nevertheless recommends a sentence of 18 months' imprisonment, which is significantly less than the applicable guidelines range of 37-46 months. Because of the defendant's youth and difficult childhood, and to maintain an avenue by which he might provide legitimate support in the future for his four children, the United States has agreed to recommend a six-level downward variance in recommending a sentence to the Court.

An 18-month sentence in this case is appropriate because such a prison term is sufficient, not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). Such a prison term recognizes the serious nature of his conduct distributing dangerous drugs in the Tenderloin, the need for deterrence, and the safety and protection of the community. At the same time, such a sentence accounts for mitigating circumstances, including the defendant's difficult childhood, his obligations as a father, and the likelihood that he will be deported to Honduras when released from prison.

## II.    OFFENSE CONDUCT

In the instant offense, on May 29, 2024, agents from the DEA, Homeland Security Investigations, and Federal Bureau of Investigations were conducting surveillance in the vicinity of Larkin Street between Fulton Street and Grove Street in San Francisco, California. Between approximately 1:00 a.m. and 2:03 a.m., law enforcement agents observed Mendoza-Licona engage in apparent hand-to-hand drug transactions in coordination with a second individual. At approximately 1:35 a.m., agents observed Mendoza-Licona hand a small substance to an unknown individual, and the unknown individual handed Mendoza-Licona what appeared to be cash. Law enforcement officers witnessed at least three such transactions.

Both Mendoza-Licona and the other individual with whom he was coordinating drug sales were detained, arrested, and searched. DEA agents found the following in the bag that was accessed by Mendoza-Licona: 219.6 grams gross of fentanyl, 106.5 grams gross of methamphetamine, 30.2 grams gross of base cocaine, and 27.1 grams gross of M-30 pills. Mendoza-Licona also possessed 2.3 grams gross of fentanyl on his person. *See* Plea Agreement at page 2-3, paragraph 2. Mendoza-Licona acknowledged in his plea agreement that he was in possession or constructive possession of all the drugs

1  seized and that he possessed the fentanyl with the intent to distribute it to other persons.  *See* Plea
2  Agreement at ¶ 2.

### III. PROCEDURAL HISTORY

On September 17, 2024, Mendoza-Licona was charged in a single count Information with possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On December 6, 2024, the defendant pleaded guilty to the charge.

As part of the plea agreement, the government agreed to recommend a sentence no higher than the bottom of the guideline range associated with Offense Level 15. Plea Agreement at ¶ 14. Judgment and Sentencing are currently set for April 18, 2025, at 9:30 a.m., before the Honorable Trina L. Thompson, United States District Judge.

### IV. SENTENCING GUIDELINES CALCULATION

Calculation of Mendoza-Licona's sentence is as follows:

| | | | |
|---|---|---|---:|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(c)(7): | | 26 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 (*e.g.*, amount of loss, use of firearm) | | -- |
| c. | Adjustments under U.S.S.G. Ch. 3 (*e.g.*, role in the offense) | | -- |
| d. | Acceptance of Responsibility: | | - 3 |
| | If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | | |
| e. | Zero Point Offender, U.S.S.G § 4C1.1 | | - 2 |
| f. | Adjusted Offense Level: | | 21 |

Pursuant to the plea agreement, and as detailed below, the government recommends a sentence of 18 months—the low end of the range contemplated by a downward variance from the Adjusted Offense Level of 21 to Level 15, which yields a guidelines range of 18-24 months. Plea Agreement ¶ 14. The government also agrees that the defendant is in Criminal History Category I.  *See* PSR ¶ 30.

## V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 18 months' imprisonment, commensurate with a downward variance to Offense Level of 15 and a Criminal History Category of I.

The nature and circumstances of the offense of conviction are serious. Mendoza-Licona was actively engaged in selling dangerous drugs in the Tenderloin in the midst of a public health crisis stemming from the use of synthetic opioids and synthetic narcotics. Although this is his first conviction

as an adult, his criminal history establishes that he has been selling drugs for at least eight years—since he was 14 years old. The amount of drugs he sought to inflict upon the community is significant; he was working in coordination with another drug dealer and was in possession of more than 200 grams of fentanyl and other various drugs.

Clearly, repeated interactions with law enforcement have not had a deterrent effect to date, nor has the threat of being deported. Mendoza-Licona was issued a Notice to Appear by an immigration judge for entering the country without inspection and an order of removal was issued in 2017 after he failed to appear at an immigration hearing. Further, the defendant appears to have no qualms about repeatedly selling and possessing for sale dangerous narcotics. His continued pattern of doing so poses a serious public safety risk.

Nevertheless, mitigating factors exist. While defendant's criminal conduct appears to be escalating, has been persistent, and is certainly troubling, this behavior also must be viewed through the lens of understanding the federal ecosystem of narcotics offenders; specifically, defendant occupies the low end of transgressive conduct and does not appear to occupy a position of responsibility within a drug trafficking organization, nor has he been arrested with deadly or dangerous weapons. Defendant is a young man (22 years old) with both the immaturity and the possibility for change that that represents. He has little formal education and has been fatherless for most of his life. PSR at ¶ 38. Additionally, it appears that the defendant was brought up in a low-income family in Honduras where he ate only when his mother was able to find work. PSR at ¶38. He traveled on his own to Oakland, CA, at age 14 and most recently has been renting a room, but does not recall the address. PSR at ¶ 39. This 22-year-old defendant also has four children.

The government's recommendation of 18 months takes these factors into consideration. A custodial sentence of 18 months balances the aggravating and mitigating factors noted in the PSR. The government believes this sentence will provide the defendant an opportunity to reflect on the dangerous, potentially fatal, consequences of his actions and protect the public from an individual who has proven himself committed to a lifestyle peddling dangerous and illegal narcotics. This sentence is sufficient, but

not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED:  April 11, 2025                                         Respectfully submitted,

                                                               PATRICK D. ROBBINS
                                                               Acting United States Attorney


                                                                  /s/ Abraham Simmons
                                                               ABRAHAM A. SIMMONS
                                                               Assistant United States Attorney